**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| JACQUES CALIXTE, individually and on behalf of all others similarly situated, ) ) ) Plaintiff, ) ) v. ) ) WALGREEN CO., ) ) Defendant. ) | ) ) Case No. 22 C 1855 ) ) Judge Joan H. Lefkow |

**OPINION AND ORDER**

Jacques Calixte filed this action against Walgreen Co. (Walgreens), individually and on behalf of a proposed class of similarly situated consumers in Illinois, Florida, Arkansas, Iowa, and Montana (dkt. 1 ¶ 109).[1] He alleges that Walgreens violated the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 *et seq.* (ICFA), and brings other related state-law claims. He seeks class certification, injunctive relief, and damages. Walgreens has moved to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6). (Dkt. 10.) For the reasons stated below, the motion is granted.

**BACKGROUND**

Calixte's complaint (dkt. 1) alleges the following: Walgreens "manufactures, labels, markets, and/or sells Gift Cards or stored-value cards under its own brand and for third-parties at

---

[1] This court has jurisdiction under 28 U.S.C. § 1332(d)(2). It is not an impediment to the court's jurisdiction that it has not yet certified a class. *See Greenberger* v. *GEICO Gen. Ins. Co.*, 631 F.3d 392, 396 (7th Cir. 2011). Regarding venue, Calixte states that it is proper in this district "because a substantial part of the events or omissions giving rise to these claims occurred in Lake County, such as Defendant's decisions for selling and marketing the gift cards" (dkt. 1 ¶ 64), invoking 28 U.S.C. § 1391(b)(2). Walgreens does not dispute this, and the court accepts that venue is proper in this district on that basis.

its thousands of stores nationwide." (*Id.* ¶ 1.) Calixte purchased three "Vanilla Visa gift cards" at a Walgreens store in Miami, Florida in November 2020. (*Id.* ¶ 66.) These are distinct from other gift cards that Walgreens sells "under its own brand." (*Id.* ¶ 87.) Each of Calixte's three gift cards had a value of $150, and they were set to expire in January 2029. (*Id.* ¶ 66.) At some point after purchasing them, Calixte "misplaced the cards and did not immediately use them"; when he found them again in March 2022, he discovered that one card still had the full balance of $150, while the other two cards had balances of $5 and $0, respectively. (*Id.* ¶¶ 67–70.) Calixte was able to obtain records of transactions on the cards, which showed that two of the cards had been used by someone other than Calixte to make purchases at various Target stores. (*Id.* ¶¶ 71–75.)

Calixte "believed and expected he was purchasing a gift card which securely retained" its value, "had no reason to expect Walgreens would fail to safeguard the money he paid for the cards," and formed this belief by relying:

> on the words, terms[,] coloring, descriptions, layout, packaging, tags, and/or images on the gift cards, on the labeling, statements, omissions, claims, statements, and instructions, made by Defendant or at its directions, in digital, print and/or social media, which accompanied the Gift Cards and separately, through in-store, digital, audio, and print marketing.

(*Id.* ¶ 101–02.) He "would not have purchased the gift cards if he [had known] the representations and omissions were false and misleading or would have paid less," because the gift cards were in fact "worth less than what [he] paid." (*Id.* ¶¶ 55, 104, 106.) He intends to purchase such gift cards again "when he can do so with the assurance [that] the representations are consistent with its abilities, attributes, and/or composition." (*Id.* ¶ 107.)

Calixte also alleges, on information and belief, general facts about the market for prepaid gift cards, the security risks inherent to them, and measures a retailer could theoretically take to safeguard these cards. (*See id.* ¶¶ 2–44.) He states that "thousands of Walgreens customers" are "victimized by gift card fraud" every year, resulting in millions of dollars in losses over the last

2

decade, and many of these consumers complain to Walgreens. (*Id.* ¶¶ 88–90.) Further, he alleges that Walgreens fails to "adequately vet the security practices of the companies whose cards it sells" and "refuse[s] to replenish the balance on gift cards purchased by customers" who have had the balance of their cards stolen. (*Id.* ¶¶ 95, 97.) Additionally, Walgreens sells "more of the Gift Cards and at higher prices than it would have in the absence of [its] misconduct." (*Id.* ¶ 54.)

Calixte seeks to certify a class of "all persons" in Florida, Illinois, Arkansas, Iowa, and Montana "who purchased gift cards at Walgreens during the statutes of limitations for each cause of action alleged." (*Id.* ¶ 109.)

## LEGAL STANDARD

A Rule 12(b)(6) motion to dismiss challenges the sufficiency of the complaint to state a claim upon which relief may be granted. The complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft* v. *Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp.* v. *Twombly*, 550 U.S. 544, 570 (2007)). The allegations must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. In ruling on 12(b)(6) motions, the court accepts as true all well-pleaded facts in the complaint and draws all reasonable inferences in the plaintiff's favor. *See Taha* v. *Int'l Bhd. of Teamsters, Local 781*, 947 F.3d 464, 469 (7th Cir. 2020). While the plaintiff "need not allege each evidentiary element of a legal theory to survive a motion to dismiss," *Freeman* v. *Metro. Water Reclamation Dist. of Greater Chi.*, 927 F.3d 961, 965 (7th Cir. 2019), he must "provide more than mere labels and conclusions or a formulaic recitation of the elements of a cause of

action for [his] complaint to be considered adequate," *Kaminski* v. *Elite Staffing, Inc.*, 23 F.4th 774, 776 (7th Cir. 2022) (citations omitted).

## ANALYSIS

Calixte alleges violation of the ICFA; breach of contract; breaches of express and implied warranties and violation of the Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301 *et seq.* (MMWA); negligent misrepresentation; fraud; and unjust enrichment.

**I.  Standing**

Walgreens first argues that Calixte lacks Article III standing to bring this suit because he has not alleged an injury that is fairly traceable to Walgreens's conduct. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992). Walgreens characterizes Calixte's "purported injury" as "the theft of his gift card balances." (Dkt. 10 at 7.) This alleged injury does pose a traceability problem because it resulted from an "independent action of some third party not before the court," *Sierra Club* v. *Franklin Cnty. Power of Illinois, LLC*, 546 F.3d 918, 926 (7th Cir. 2008), in this instance, whoever used the gift card funds, rather than Walgreens's actions.

But Calixte alleges another injury: the fact that "[t]he Gift Cards [were] worth less than what [he] paid and he would not have paid as much absent [Walgreens's] false and misleading statements and omissions." (Dkt. 1 ¶ 106.) Taking Calixte's pleaded facts as true, if Walgreens made misleading statements that caused Calixte to pay too much for the gift cards, that injury could be fairly traceable to Walgreens. This alleged injury satisfies the traceability requirement of Article III standing at this stage of the litigation. *See Lujan*, 504 U.S. at 561 ("At the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice, for on a motion to dismiss we 'presum[e] that general allegations embrace those specific facts that are necessary to support the claim.'") (citation omitted).

## II.    ICFA Claim

To state an ICFA claim, Calixte must allege facts indicating "(1) a deceptive or unfair act or practice by the defendant; (2) the defendant's intent that the plaintiff rely on the deceptive or unfair practice; and (3) [that] the unfair or deceptive practice occurred during a course of conduct involving trade or commerce." *Wigod* v. *Wells Fargo Bank, N.A.*, 673 F.3d 547, 574 (7th Cir. 2012). Where a complaint is premised on deceptive conduct, the plaintiff must "state with particularity the circumstances constituting fraud," Fed. R. Civ. P. 9(b). See *Vanzant* v. *Hill's Pet Nutrition, Inc.*, 934 F.3d 730, 738 (7th Cir. 2019) (citing *Camasta* v. *Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 737 (7th Cir. 2014)).

Calixte argues that his claim is not subject to the Rule 9(b) heightened pleading requirement (*see* dkt. 13 at 11), but this argument is unsupported by law. He bases his ICFA claim on Walgreens's "false, misleading and deceptive representations and omissions" (dkt. 1 ¶ 119), and claims that Walgreens "misrepresented the Gift Cards through statements, omissions, ambiguities, half-truths and/or actions" (*id.* ¶ 120), and he says that he "would not have purchased the gift cards if he [had known] the representations and omissions were false and misleading or would have paid less." (*id.* ¶ 104). This is a claim that "sounds in fraud" and, under *Camasta*, is therefore subject to Rule 9(b). See *O'Connor* v. *Ford Motor Co.*, 477 F. Supp. 3d 705, 720 (N.D. Ill. 2020) ("The addition of 'unfairness' language does not change an ICFA claim that is 'entirely grounded in fraud' to an unfairness claim.") (citation omitted). As such, he must plead the "who, what, when, where, and how" of the fraud. *Vanzant*, 934 F.3d at 738 (quoting *Camasta*, 761 F.3d at 737).

As Walgreens rightly argues, Calixte does not specify what Walgreens's "misleading statements and omissions" were. (Dkt. 10 at 9.) Instead, he states generally that he

5

> relied on the words, terms[,] coloring, descriptions, layout, packaging, tags, and/or images on the gift cards, on the labeling, statements, omissions, claims, statements, and instructions, made by Defendant or at its directions, in digital, print and/or social media, which accompanied the Gift Cards and separately, through in-store, digital, audio, and print marketing.

(Dkt. 1 ¶ 102.) Calixte briefly attempts to address this deficiency by stating that "[t]he 'what' was [Walgreens's] Gift Cards or stored-value cards," (dkt. 13 at 11), but a card is not a misrepresentation. Nor does the allegation of what Calixte relied on identify what among the many items listed was misrepresented. If Calixte means that everything he relied on was misrepresented, it is so imprecise that it fails to inform Walgreens of the content of the misrepresentation. *Camasta*, 761 F.3d at 737.[2] As a result, Calixte fails to plead an ICFA claim.

### III. Breach of Contract

Calixte next alleges a breach of contract, claiming that he entered into a contract with Walgreens "for purchase of the gift cards" and that the "terms of the contract provided that the gift cards would not be compromised at any point after being purchased." (Dkt. 1 ¶¶ 128–31.) In his opposition brief, he elaborates that "an implied contract was created between the parties to safeguard [his] purchase, which was breached by [Walgreens]." (Dkt. 13 at 10.) Calixte cites *Brody* v. *Finch University of Health Sciences*, 698 N.E.2d 257 (1998), for the principle that a contract may be implied. *Brody* states, "An implied contract arises where the intention of the parties is not expressed but an agreement in fact creating an obligation is implied or presumed from their acts—in other words, where circumstances under common understanding show a mutual intent to contract." 698 N.E.2d at 265 (quoting *Foiles* v. *North Greene Unit District No.*

---

[2] "While Rule 9(b) does not require a plaintiff to plead facts that if true would show that the defendant's alleged misrepresentations were indeed false, it does require the plaintiff to state the identity of the person making the misrepresentation, the time, place, and content of the misrepresentation, and the method by which the misrepresentation was communicated to the plaintiff." *Camasta*, 761 F.3d at 737 (cleaned up).

*3*, 633 N.E.2d 24, 27 (1994)). But he does not explain how the facts presented in *Brody* are analogous to his, nor are they. There, the defendant university had made affirmative written and oral representations to students in a particular master's degree program that they would be seriously considered for admission to its medical school if they maintained a 3.0 average or better. Historically, nearly all such students had been admitted. It also represented that modification of program requirements would not adversely affect students already in that program. The plaintiff students were admitted to the master's program, but shortly after their acceptance the university limited the number of the program's graduates to the top 50. The court affirmed the lower court's conclusion that an implied-in-fact contract existed and was breached by the change in policy after the students were admitted.

Calixte, by contrast, fails to construct a set of facts that would permit the inference that there were any affirmative promises to him that could be breached. Indeed, he has not cited a case where a contract was implied based on omissions of fact as opposed to affirmative representations. Nor does this court know of such a case. Calixte's apparent "unilateral expectation" that Walgreens would do so "is insufficient to create an implied contract." *Marcatante* v. *City of Chicago, Ill.*, 657 F.3d 433, 441–42 (7th Cir. 2011). The breach of contract claim is dismissed.

**IV.    Warranty Claims**

Calixte also claims that Walgreens breached express and implied warranties and violated the MMWA. (Dkt. 1 ¶¶ 132–47.) First, "[t]o state a claim for breach of express warranty, [Calixte] must show that [Walgreens] breached an 'affirmation of fact or promise that was made a part of the basis of the bargain.'" *Bakopoulos* v. *Mars Petcare US, Inc.*, 592 F. Supp. 3d 759, 756 (N.D. Ill. 2022) (quoting *Oggi Trattoria & Caffe, Ltd.* v. *Isuzu Motors Am., Inc.*, 865 N.E.2d 334, 340 (2007)). Calixte has alleged no such affirmative statement; rather, he has only pleaded

7

in vague terms that Walgreens made false and misleading statements and omissions. He has not included any factual allegations about the content or nature of such statements or omissions, so he has not satisfied his obligation to "provide more than mere labels and conclusions or a formulaic recitation of the elements" of his breach of express warranty claim. *Kaminski*, 23 F.4th at 776.

Next, Calixte alleges a breach of implied warranties. He has not pleaded facts to suggest that he used or intended to use the gift cards for a "particular purpose" that is different from their ordinary use, *see Wilson* v. *Massey-Ferguson, Inc.*, 315 N.E.2d 580, 582 (1974), so the court will focus on the implied warranty of merchantability rather than fitness for a particular purpose. To plead a breach of the implied warranty of merchantability, Calixte must allege facts permitting the reasonable inference that the gift cards "were not of merchantable quality (*i.e.,* unfit for the ordinary purposes for which [gift cards] are used)." *Maldonado* v. *Creative Woodworking Concepts, Inc.*, 796 N.E.2d 662, 666 (2003) (citation omitted). To succeed on this claim, he would have to show that a "defect in the [gift cards] existed when the [gift cards] left [Walgreens's] control." *Oggi Trattoria*, 865 N.E.2d at 341. *See also Maldonado*, 796 N.E.2d at 666 ("The issue in a breach of warranty claim … is the condition of the product, not the conduct of the seller-manufacturer."). He is not required to ultimately "prove a specific defect; rather, a defect may be proven inferentially by direct or circumstantial evidence." *Oggi Trattoria*, 865 N.E.2d at 341. But in that scenario, he will need to provide evidence "that in the absence of abnormal use or reasonable secondary causes, the product failed to perform in the manner reasonably to be expected in light of its nature and intended function." *Id.* (cleaned up).

Calixte does not allege facts permitting a reasonable inference that the gift cards were unfit for their ordinary use. He seems to say that the "ordinary purpose" of gift cards is to

8

"securely retain[] the funds deposited to [them]." (Dkt. 1 ¶ 145.) If one assumes that this is the ordinary purpose of gift cards, Calixte's pleaded facts do not make it plausible that the gift cards *he* purchased were unfit for this purpose. He does not allege facts supporting his assertion that security vulnerabilities were the reason that funds were taken from *his* gift cards, nor does he allege that unscrupulous actors even accessed his gift cards at all. He merely states that he misplaced the cards for more than a year, and that when he found them, someone had spent the balances on two of the cards, but not the third. These facts do not permit the court draw a reasonable inference that the gift cards Calixte purchased were unfit for their ordinary use as gift cards, and his implied warranty claim is therefore dismissed.

Finally, MMWA claims "borrow state law causes of action," *Anderson* v. *Gulf Stream Coach, Inc.*, 662 F.3d 775, 781 (7th Cir. 2011), and because Calixte fails to state a state-law breach of warranty claim, his MMWA claim is also dismissed. *See O'Connor* v. *Ford Motor Co.*, 477 F. Supp. 3d 705, 717 (N.D. Ill. 2020) ("Plaintiff's MMWA claim also must be dismissed because it is contingent on Plaintiff having a viable state law warranty claim.").

**V.  Negligent Misrepresentation**

Calixte also alleges negligent misrepresentation. (Dkt. 1 ¶¶ 148–54.) A negligent misrepresentation claim depends upon the defendant making a "false statement of material fact," *First Midwest Bank, N.A.* v. *Stewart Title Guar. Co.*, 843 N.E.2d 327, 334 (2006), but Calixte's complaint does not adequately allege facts indicating such a statement. (*See, e.g.*, dkt. 1 ¶¶ 51, 102.) Although Rule 9(b)'s heightened pleading standard does not apply to this claim, *see Tricontinental Indus., Ltd.* v. *PricewaterhouseCoopers, LLP*, 475 F.3d 824, 833 (7th Cir. 2007), Calixte's cursory allegation that Walgreens made "false and misleading statements and omissions" (dkt. 1 ¶ 106) is insufficient to satisfy even the ordinary Rule 8(a)(2) pleading standard. *See McCauley* v. *City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011) ("[T]he complaint

9

must contain 'allegations plausibly suggesting (not merely consistent with)' an entitlement to relief.") (quoting *Twombly*, 550 U.S. at 557).

## VI. Fraud

Calixte's common-law fraud claim (dkt. 1 ¶ 155–58), like his ICFA claim, is not pleaded with sufficient particularity to satisfy Rule 9(b) and is dismissed as a result. *See Webb* v. *Frawley*, 906 F.3d 569, 581–82 (7th Cir. 2018) (applying Rule 9(b) to a common-law fraud claim and affirming dismissal where the complaint lacked "a sufficiently detailed and cohesive theory of the fraud").

## VII. Unjust Enrichment

Finally, Calixte's unjust enrichment claim (dkt. 1 ¶ 159) fails because he has not successfully stated any underlying fraud claim. "Unjust enrichment is not a separate cause of action that, standing alone, will justify an action for recovery," and where, as here, "an underlying claim of fraud, duress or undue influence is deficient, a claim for unjust enrichment should also be dismissed." *Martis* v. *Grinnell Mut. Reinsurance Co.*, 905 N.E.2d 920, 928 (2009).

## CONCLUSION AND ORDER

For the reasons stated above, the motion to dismiss is granted. The complaint is dismissed without prejudice. Calixte is given until April 13, 2023 to file an amended complaint. If he does not replead, this dismissal will convert to a dismissal with prejudice on April 14, 2023.

Date: March 23, 2023

_____
U.S. District Judge Joan H. Lefkow